TERRY R. KOLKEY
Attorney at Law, State Bar # 71528
2305-C Ashland Street #510
Ashland, OR 97520
(541) 512-1040
email: trkolkey@gmail.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ADAM GOMEZ, )<br><br>Defendant. ) | CASE NO.  1:19-CR-00473-MC-01<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |

The defendant represents to the court:

    1.    My name is Adam Gomez.  I am 33 years old.  I have obtained a GED.

    2.    My attorney is Terry R. Kolkey.

    3.    My attorney and I have discussed my case fully.  I have received a copy of the Indictment.  I have read the Indictment, or it has been read to me, and I have discussed it with my attorney.  My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case.  I have been advised and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows:

1

As to Count One:   Unlawful Possession of a Firearm or Ammunition

    1. Knowing possession of a firearm,

    2. Which had previously traveled in interstate commerce,

    3. After having been convicted of a crime punishable by
       imprisonment for a term exceeding one year.

     in violation of 18 United States Code section 922(g)(1).

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.    I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.    I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days, except:

6.    I understand that conviction of a crime can result in consequences in addition to  imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.    I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I

2

know that if I plead "NOT GUILTY" the Constitution guarantees me:

a.    The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

b.    The right to have the assistance of an attorney at all stages of the proceedings;

c.    The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d.    The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e.    The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f.    The right not to be compelled to incriminate myself.

8.    I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9.    In this case I am pleading "GUILTY" without a plea agreement.

OR

9.    In this case I am pleading "GUILTY" under Rules 11(c)(1)(A) and 11(c)(1)(B).

My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follow:

My plea of guilty is under Rules 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements.  If the judge imposes a

3

sentence different from what I expected to receive under the
terms of my Plea Agreement with the prosecutor, I do not have a
right to withdraw my plea.

10.    I know the maximum sentences which can be imposed upon me
for the crimes to which I am pleading guilty are:

Count 1:   10 years imprisonment, three (3) years supervised release and a fine of
$250,000.

11.    I know that the judge, in addition to any other penalty, will order
a special assessment as provided by law in the total amount of $100.00 for
each count.

12.    I know that if I am ordered to pay a fine, and I willfully refuse to
pay that fine, I can be returned to court, where the amount of the unpaid
balance owed on the fine can be substantially increased by the judge and I
can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing
Guidelines. I understand that pursuant to United States v. Booker/Fanfare,
543 U.S.  220, 125 S.Ct. 738 (2005), the court must determine an advisory
sentencing guideline range pursuant to the United States Sentencing
Guidelines(USSG).  The court will then determine a reasonable sentence
within the statutory range after considering the advisory sentencing
guidelines range and the factors listed in 18 U.S.C. section 3553(a).

14.    I know from discussion with my attorney that, under the Federal
Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole.
I will have to serve the full sentence imposed except for any credit for good
behavior that I earn.  I can earn credit for good behavior  in prison at a rate of
up to 54 days for each year of imprisonment served.  Credit for good

4

behavior does not apply to a sentence of one year or less.

15.    I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be no more than three (3) years. If I violate the conditions of supervised release, I may be sent back to prison for up to two (2)years.

16.    I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.    On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.    If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

5

19.    If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can possibly be sentenced to consecutive sentences of imprisonment.

20.    My plea of "GUILTY" is Not based on a plea agreement.

21.    My plea of "GUILTY" is not the result of force, threat, or intimidation.

22.    I hereby request that the judge accept my plea of "GUILTY" to Count One.

23.    I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charges to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

    1.    Count One:  On or about June 20, 2019, I knowingly possessed a firearm that had previously traveled in interstate commerce, and I have previously been convicted of a felony punishable by imprisonment for a term exceeding one year; In 2004, I was convicted of Burglary, a felony punishable by more than one year, in the state of Idaho, case number, CR 2004-5814.

24.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this ____7____ day of____Oct____, 2020.

Defendant
Adam Gomez

6

# CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant, Adam Gomez, hereby certifies:

1.    I have fully explained to the defendant the allegations contained in the Indictment in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.    I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3.    I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.    I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this _7__ day of _Oct._____, 2020.

Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this __8th__ of __October__, 2020, in open court.


_s/Michael J. McShane_

United States District Judge

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that I served the foregoing *Petition to Enter Plea of*

3   *Guilty, Certificate of Counsel, and Order Entering Plea* on Assistant United States

4   Attorney Marco Boccato, by sending a true, exact, copy by email on

5   _10/8_, 2020.

6

7

8

9

10
                                    Terry Kolkey

11

12

13

14

15

16

17

18

19

20

21

22

23

24   **CERTIFICATE OF SERVICE** .
     Dated:   Sept.      ,2020
25

26

27

28                              9